UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| PRINCE ALLAH,[1] | ) | |
|     a/k/a Jarrod Weiss, | ) | |
|     a/k/a Prince Shaheed Sefekht, | ) | |
| | ) | Civil Action No. 0: 22-22-WOB |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEBBIE PARKER, et al, | ) | **AND ORDER** |
| | ) | |
|     Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Prince Allah has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]  The Court has granted him *pauper* status in this proceeding.  *See* [R. 10]  The Court must screen the complaint before proceeding further.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Allah indicates that in November 2021 he sent a letter to David Green, the Warden of Eastern Kentucky Correctional Center ("EKCC"), advising that his name had been legally changed from Jarrod Weiss to Prince Shaheed Sefekht "for religious purposes."  [R. 1 at 2; R. 1-1 at 9] Allah attaches to his Complaint a copy of an Order dated November 9, 2021, from the District

---

[1]     When Prince Allah filed his Complaint in this action, he did so under his legal name at the time, Prince Shaheed Sefekht.  *See* [R. 1 at 1]  He recently filed a motion to alter the docket such that "the name Prince Shaheed Sefekht be stricken and the name Prince Allah substituted in its place."  *See* [R. 12 at 1]  Although he did not reference any court proceedings in his motion, on the same day he filed his motion in this Court, Allah sought and later obtained an order from the Morgan District Court changing his name to Prince Allah.  *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=088&court=1&division=DI& caseNumber=22-P-00097&caseTypeCode=OTH&client_id=0 (accessed on August 19, 2022). The Court will therefore grant the motion in part as set forth below.

Court of Morgan County, Kentucky, approving the requested change to his legal name.  *See* [R. 1-1 at 13]  Allah therefore demanded that his name be changed in prison records and that staff be ordered to address him by his new name.  When prison officials did not accommodate all of his requests, Allah filed formal grievances on the matter, which were denied by EKCC staff members Sonya Wright and Debbie Parker.  [R. 1 at 2; R. 1-1 at 10 (*citing Zaahir v. Commonwealth*, 2009-CA-000759-MR, 2009 WL 4406132 (Ky. App. Dec. 4, 2009)]  Warden Green did, however, advise staff that:

> The name change of #159892 Jarrod Michael Weiss to Prince Shaheed Sefekht was made in his KOMS file, however per Court Ruling quoted in Wright's Resolution, he may receive mail in his new name but the KOMS header and his Inmate ID will stay as the previous name originally convicted under (Jarrod Michael Weiss) to avoid any confusion.

*See* [R. 1-1 at 6 (cleaned up)]  Allah appealed further, but Kentucky Department of Corrections Commissioner Cookie Crews denied his appeal, stating that:

> If you have a court ordered name change you may use that name on any forms you fill out next to your incarcerated name.  You may also receive and send out mail using that name.  However, staff are not required to address you by that name or to use that name in correspondence with you.  In addition, they are not required to issue you a new ID card.

*See* [R. 1-1 at 4]  Allah now sues the four persons named above, claiming violation of his rights under the First Amendment and "RFRA/RLUIPA."  *Id*. at 1-2, 4.  He seeks a court order compelling the defendants to comply with his requests, as well as an award of costs.  *Id*. at 6.

Upon review, the Court will dismiss the Complaint for failure to state a claim.  With respect to Defendants Wright and Parker, each merely responded to Allah's inmate grievances. There is no suggestion that either possessed any authority with respect to the underlying prison policies regarding inmate name changes.  Under such circumstances, merely denying an inmate grievance does not constitute the kind of personal involvement with the underlying conduct that is required

to state a plausible constitutional claim against them.  *Cf. Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020); *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 451 (6th Cir. 2015) ("The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (cleaned up).  The claims against Wright and Parker will therefore be dismissed.

With respect to all of the Defendants, the Complaint fails to allege facts necessary to state a free exercise claim under RLUIPA.[2]  To state a viable claim, a plaintiff must identify his religious affiliation or faith tradition, set forth the activities which he asserts are necessitated by those religious beliefs, indicate what conduct or rules of the defendants are at issue, and explain how the defendants' conduct places a substantial burden upon his participation in the religious activities central to his faith.  *Cf. Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (affirming dismissal of plaintiff's RLUIPA complaint where from its terms "we cannot discern what beliefs he has or what faith he professes.").  Here, Allah states only that he changed his name "for religious purposes." [R. 1 at 2]  He does not identify his religious tradition or what that tradition requires *vis-a-vis* his name.  *See Id*. at 1-2.  His allegations are therefore not sufficient to state a free exercise claim. *Cf. Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) ("[Plaintiff] does not allege that his possession of these photographs had anything to do with his religious beliefs.  Barhite has therefore failed to satisfy the initial step needed to establish a RLUIPA claim - that the prison officials imposed a substantial burden on his religious exercise by confiscating the photographs.") (*citing Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005)); *Long v. Sloan*, No. 1:18CV1364, 2019 WL

---

[2]     RLUIPA, an acronym for the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq*., provides the law governing Allah's claims.  While he also refers to the "RFRA," the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, has been declared unconstitutional insofar as it relates to the Several States and their political subdivisions. *See City of Boerne v. Flores*, 521 U.S. 507, 532-35 (1997).

4396079, at *6 (N.D. Ohio May 23, 2019), *report and recommendation adopted*, No. 1:18CV1364, 2019 WL 3229073 (N.D. Ohio July 18, 2019); *Porter v. Van Tatenhove*, No. 1:10-CV-131, 2012 WL 405622, at *3 (W.D. Mich. Feb. 8, 2012).  The Court will therefore dismiss the Complaint for failure to state a claim.[3]

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff's "Motion to Amend Action" [R. 12] is **GRANTED IN PART**.  The Clerk shall **AMEND** the docket to reflect that the Plaintiff's name is "Prince Allah," and add "Prince Shaheed Sefekht" as a second alternative designation for the Plaintiff.

2.      Plaintiff Allah's complaint [R. 1] is **DISMISSED**.

3.      This matter is **STRICKEN** from the active docket.

This the 22nd day of August, 2022.



Signed By:

**_William O. Bertelsman_**  *WOB*

**United States District Judge**

---

[3]      In light of the foregoing, the Court need not determine whether the Plaintiff's post-filing name change renders his original claim either moot, unexhausted, or both.  It also need not reach the merits of Allah's claim, but notes that the Supreme Court has repeatedly emphasized that the "substantial burden" standard that a RLUIPA plaintiff must meet is a demanding one, *Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007), and that claims similar to that at issue here are of doubtful viability.  *See Imam Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980) (".. we are asked to determine whether prison officials must change all their records to reflect the newly adopted name of a prisoner who has changed his name upon acceptance of the Sunni Muslim religion.  We do not believe so."); *Malik v. Brown*, 71 F.3d 724, 727, 729 (9th Cir. 1995) ("... an inmate cannot compel a prison to reorganize its filing system to reflect the new name.").